United States District Court
Southern District of Texas
**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JIMMY DANIEL ALONZO SEVILLA,<br>Petitioner,<br><br>versus<br><br>RAYMOND THOMPSON, *et al*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-04560<br><br>JUDGE CHARLES ESKRIDGE |

**ORDER ON DISMISSAL**

Petitioner Jimmy Daniel Alonzo Sevilla filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 9, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but asserts that he was granted deferred action after qualifying for Special Immigrant Juvenile Status. Id at ¶5; see Dkt 1-7 (I-797 approval notice). He thus contends that his present detention violates the Due Process Clause of the Fifth Amendment and lacks statutory authority. Dkt 1 at ¶¶39–87.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government to dismiss, or, in the alternative, for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 5–6. It also contends that the due

process claims fail on the merits. Id at 6–12. It further asserts that arguments premised on deferred action fail because "USCIS has the right to terminate grants of deferred action as a matter of discretion." Id at 14–15.

Petitioner on reply reasserts his due process claims. See Dkt 6 at 3–9. He also argues that the Government failed to comply with applicable regulations in revoking his deferred action status. Id at 10.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

On July 2, 2026, after briefing closed in this action, the Fifth Circuit issued a separate decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16.

In light of *Sosnava Rodriguez*, the Government was ordered to state a position as to what impact, if any, that decision had on the lawfulness of detention in this matter. Dkt 7. But on July 10, 2026, that decision was vacated pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013); see also Dkt 8 (Government response stating same). Petitioner didn't state a position as to *Sosnava Rodriguez* despite opportunity to do so. See Dkt 7.

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

The above decisions foreclose all of Petitioner's claims except as to revocation of deferred action. He argues that procedural due process requires notice before deferred action status can be revoked. Dkt 1 at ¶¶39–46.

Petitioner was granted deferred status in conjunction with the approval of his Form I-360 petition for Special Immigrant Juvenile Status on October 17, 2023. Dkt 1-7. The notice states:

> Your Form I-360 petition has been approved, but you do not yet have a visa available to file an application for adjustment of status. USCIS has determined that you warrant a favorable exercise of *discretion* to receive deferred action. As a result, you have been placed in deferred action and you may be issued an employment authorization document. *Deferred action is an act of administrative convenience to the government* which gives some cases lower priority for removal from the United States for a specified period of time.
>
> Your grant of deferred action will remain in effect for a period of four years from the

> date of this notice *unless terminated earlier by USCIS.*

Ibid (emphasis added).

Petitioner asserts that he has a protected liberty interest in deferred action status that can't be revoked without certain process. This argument fails for two reasons.

*First,* Petitioner relies on the notice provisions set forth in 8 CFR §§204.11(j) and 205.2. He maintains that the Government's failure to comply with those regulations renders revocation of deferred action unlawful. See Dkt 1 at ¶41. But those provisions pertain to revocation of an approved Special Immigrant Juvenile petition, not revocation of deferred action. Nothing here suggests that USCIS has revoked Petitioner's SIJ status, or that the cited regulations have any bearing on the separate discretionary grant of deferred action.

*Second,* even assuming that *Mathews v Eldridge* balancing applies in this context, Petitioner has "no protected liberty or property interest in continued deferred-action status." *Hernandez Garcia v Mullin*, 2026 WL 1266246, *11 (ED Tenn). That conclusion follows from the nature of deferred action itself, which "is, at bottom, the result of executive discretion and is revocable at any time." *Hernandez Tiniguar v Ripa*, 2026 WL 1077795, *5 (SD Fla). Indeed, Petitioner's approval notice characterized deferred action as a "favorable exercise of discretion" that merely afforded his case "lower priority for removal," while expressly advising that the grant would be effective for four years "unless terminated earlier by USCIS." See Dkt 1-7.

Without a protected liberty or property interest in continued deferred action status, no notice or opportunity to be heard was required before terminating it and initiating removal proceedings.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Jimmy Daniel Alonzo Sevilla is DENIED. Dkt 1.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 22, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge